| | |
|---|---|
| ANI CREATION, INC. d/b/a Rasta, ANI CREATION, INC. d/b/a Wacky T's, BLUE SMOKE, LLC d/b/a Doctor Vape, BLUE SMOKE, LLC d/b/a Blue Smoke Vape Shop, ABNME, LLC d/b/a Best for Less, KORETZKY, LLC d/b/a Grasshopper, RED HOT SHOPPE, INC., E.T. SPORTSWEAR, INC. d/b/a Pacific Beachwear, MYRTLE BEACH GENERAL STORE, LLC, I AM IT, INC. d/b/a T-Shirt King, and BLUE BAY RETAIL, INC. d/b/a Surf's Up.<br><br>    Plaintiffs,<br>  v.<br><br>CITY OF MYRTLE BEACH, MYRTLE BEACH CITY COUNCIL, BRENDA BETHUNE, Individually and as Mayor of the City of Myrtle Beach, MICHAEL CHESTNUT, Individually and as a member of the Myrtle Beach City Council, MARY JEFFCOAT, Individually and as a member of the Myrtle Beach City Council, CLYDE H. LOWDER, Individually and as a member of the Myrtle Beach City Council, PHILIP N. RENDER, Individually and as a member of the Myrtle Beach City Council, GREGG SMITH, Individually and as a member of the Myrtle Beach City Council, JACKIE VEREEN, Individually and as a member of the Myrtle Beach City Council.<br><br>    Defendants. | CASE NO: 4:18-CV-03517-RBH<br><br><br><br><br><br>**Consent Order on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction** |

Whereas the City of Myrtle Beach has enacted Ordinance 2017-23 (the "OBEOD Ordinance") to amend Appendix A, Zoning through Article 18, Section 1806, to enact and establish the Ocean Boulevard Entertainment Overlay District (the "OBEOD");

Whereas the Plaintiffs have challenged the validity of the OBEOD ordinance as stated in its

1

complaint in the above captioned lawsuit;

Whereas the OBEOD ordinance may impact the business operations of one or more of the Plaintiffs together with the business operations of other businesses who are not parties to the lawsuit but are located in the OBEOD;

Whereas, the Parties together have reached an agreement to allow for administrative proceedings under the OBEOD Ordinance during the pendency of these proceedings;

Whereas the City of Myrtle Beach has agreed to enforce the OBEOD Ordinance and or any amendments solely through use of its zoning ordinance administrative procedures.  The City of Myrtle Beach's enforcement commitment means that the City Zoning Administrator or his designee may inspect any premises in the overlay zone to make a determination on whether the use of the premises is a conforming or nonconforming use under the OBEOD.  If the Zoning Administrator determines that the use of the premises constitutes a nonconforming use for the overlay district, he will notify the business owner in writing.  The business owner may then appeal the zoning administrator's decision in accordance with Title 6, Chapter 28 of the S.C. Code of Laws.  If the business owner who has been notified in writing by the Zoning Administrator chooses to not appeal the Zoning Administrator's determination of nonconformity within the 30 day time allowed for making an appeal, the determination of the Zoning Administrator shall then become a final determination of nonconformity and may be enforced by the Zoning Administrator according to the terms of the Ordinance.  However, if the business owner who has been notified by the Zoning Administrator of a nonconformity under the OBEOD Ordinance chooses to appeal the Zoning Administrator's determination of nonconformity within the 30 day time allowed for making an appeal, the City's administrative procedures will then be observed until such time as a final determination is made and all appeals have been exhausted in connection with the Zoning Administrator's determination of nonconformity of the particular business.

NOTE THIS ENFORCEMENT COMMITTMENT APPLIES ONLY TO THE OBEOD ORDINANCE AND ANY AMENDMENTS TO THAT ORDINANCE.  ALL OTHER LAWS OR

STATUTES REGULATING THE SALE OF CBD PRODUCTS, DRUG PARAPHENALIA, OR OTHER CRIMINAL OFFENSES WILL BE ENFORCED IN ACCORDANCE WITH THE TERMS OF THOSE LAWS OR STATUTES.

WHEREAS, Plaintiffs, in reliance on the City of Myrtle Beach's enforcement commitment as set forth herein above, have agreed to withdraw, without prejudice to their rights to reapply for any temporary injunctive relief remedies, their pending Motion for a Temporary Restraining Order and their pending Motion for a Preliminary Injunction.

NOW THEREFORE, based upon the forgoing and the consent of the parties in the above captioned lawsuit, the Court permits the Plaintiffs to withdraw their pending Motion for a Temporary Restraining Order and their pending Motion for a Preliminary Injunction without prejudice to their rights to reapply for any temporary injunctive relief remedies.

THIS ORDER is intended to address Plaintiffs' pending Motions for Temporary Restraining Order and for Preliminary Injunction. It is not intended to address the merits of Plaintiffs' underlying claims in this litigation, which claims are specifically reserved by the Plaintiffs. Nor do the Defendants waive any defenses thereto by entering into this Consent Order.

    **AND IT IS SO ORDERED.**

                                                                  s/ R. Bryan Harwell
 Florence, South Carolina                     R. Bryan Harwell
                                                         United States District Judge

January 15, 2019

WE CONSENT:

 **Attorneys for Defendants:**

s/ Michael W. Battle
Michael W. Battle, Fed. ID # 1243
(mbattle@battlelawsc.com)
BATTLE LAW FIRM, LLC
PO Box 530
Conway, SC 29528
*Telephone*: (843) 248-4321

*(Plaintiffs' attorneys signature on following page)*

**Attorneys for the Plaintiffs:**

s/ Gene M. Connell, Jr.
Gene M. Connell, Jr., Esq. (ID #236)
**Kelaher, Connell & Connor, P.C.**
1500 U.S. Highway 17 North, Suite 209
Surfside Beach, SC 29575
*Telephone*: (866) 465-3666


s/ Reese R. Boyd, III
Reese R. Boyd, III, Esq. (ID #9212)
**Davis & Boyd, LLC**
1110 London Street, Suite 201
Myrtle Beach, South Carolina 29577
*Telephone:* (843) 839-9800